Gholson, J.
The plaintiff, to recover in this case, must show a legal interest in the land, bound by the judgments against George A. Edwards, and subject to sale on execution. If the interest of George A. Edwards be equitable, or be not affected by the lien of the judgments, then the claim of the defendant, William E. Edwards, acquired in good faith before the commencement of the action, though after the filing of *87 tbe transcripts of tbe judgments, must be preferred as prior and better.
It is claimed by the plaintiff that the legal title to the land, upon the death of John Edwards, descended to his heirs at law, of whom George A. Edwards was one. We incline to think, that the somewhat complicated provisions of the will of John Edwards require such a conclusion. Even during the life of the wife, an interest in the land is given to William F. Edwards, and also to Mary Jane Edwards, and the interest given to the wife for life in the first item of the will, must be subject to the limited and conditional interests created for the benefit o'f William F. Edwards and Mary Jane Edwards-. None of these interests can, we think, be properly regarded as legal interests or estates, but they certainly constitute a valid charge or trust on the estate, and if the heirs have taken the legal title, they hold it subject to the trusts created by the will. These trusts, during the life of the wife, leave no beneficial interest in the heirs. During that period they are mere naked trustees. If no further trusts had been created by the will, then a legal estate in the trustees for the life of the wife would have sufficed; but the will evidently contemplated a charge for the benefit of creditors, and an interest in favor of William F. Edwards, to be made effectual after her death. The trusts of the will, then, extending beyond the life of the wife, the legal title or estate must continue for their support. And as the trusts might, as was evidently expected, exhaust the whole legal estate of inheritance, the fee must be regarded as held in trust. Gibson v. Lord Montford, 1 Ves. Sr. 485, 491.
In equity, the parties stand in the same position as if, for the purposes of the trusts declared in the will, the title had been placed in a trustee. The estate held by the heirs in trust, and any beneficial interest which may arise, if the purposes of the trust are accomplished or fail, should be distinguished. The creditor who prosecutes the action does not, and can not, claim that the court should aid him in disposing of a naked legal title held in trust. He really seeks the possible and contingent interest which may arise in the event *88 that the debts charged on the land are otherwise paid than as contemplated in the will, and William E. Edwards should decline to take the land at its appraised value, or, the money which would be payable should William E. Edwards take the land. This uncertain and contingent interest it is proposed to reach, as lands and tenements, by an appraisement and sale. We do not think our statutes regulating judgments and executions contemplate the sale of such an interest; nor do we think that the mere fact that the party entitled to such an interest is a trustee of the legal estate, can make any difference. ■
Substantially, the will of John Edwards must be'regarded as disposing of the whole legal estate of inheritance for the purposes declared, and any interest which may arise after those purposes are accomplished is an equitable interest. Such an interest is not bound by the lien of a judgment, and can not be levied on and sold under an execution. Morris v. Way, 16 Ohio Rep. 469. Even if a naked legal title held by a trustee were formally levied on and sold, no right would be thereby acquired which would be regarded in equity. The principles upon which the jurisdiction of equity, in cases of trust, is maintained, clearly forbid any aid to an attempt of that kind.
We think there was no error in the finding of the court in this case; and the judgment will be affirmed.
Brinkerhoff, C.J., and Scott, Peck and Sutliff, JJ., concurred.